**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____

JOSHUA SMITH, individually and on behalf
of other similarly situated individuals,

       Plaintiff,

                                  No. 1:22-cv-00447-WJ

       v.

INTERINSURANCE EXCHANGE OF
THE AUTOMOBILE CLUB, aka AAA,

       Defendant.

**MEMORANDUM OPINION AND ORDER SUA SPONTE CERTIFYING QUESTION
TO THE NEW MEXICO SUPREME COURT**

    **THIS MATTER** is before the Court sua sponte. In Defendant Interinsurance Exchange of

the Automobile Club's Motion to Dismiss, Defendant raised the determinative question of whether

the New Mexico Supreme Court's decision, *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001,

501 P.3d 433, applies prospectively or retroactively. For the following reasons, the Court sua

sponte certifies this question to the New Mexico Supreme Court.

**BACKGROUND**[1]

    In 2020—well before the New Mexico Supreme Court's decision in *Crutcher v. Liberty

Mut. Ins. Co.*, 2022-NMSC-001, 501 P.3d 433—Defendant Interinsurance Exchange of the

Automobile Club ("Defendant Exchange") issued Mr. Joshua Smith an automobile insurance

---

[1] Applying a Rule 12(b)(6) standard, the background facts are taken from Mr. Smith's
Complaint and Insurance Policy, which the Court may consider. *Jacobsen v. Deseret Book Co.*,
287 F.3d 936, 941 (10th Cir. 2002) ("In addition to the complaint, the district court may consider
documents referred to in the complaint if the documents are central to the plaintiff's claim and the
parties do not dispute the documents' authenticity.").

policy. The policy provided liability coverage for one vehicle in the amount of $25,000 per person/$50,000 per occurrence.[2] The policy also provided uninsured/underinsured motorist (UM/UIM) coverage in the amount of $25,000 per person/$50,000 per occurrence. Mr. Smith paid a premium for the UM/UIM coverage to Defendant Exchange during the relevant period.

On October 13, 2020, Mr. Smith alleges he sustained bodily injuries, in excess of $50,000, when he was rear-ended by an at-fault motorist. After the auto collision, Mr. Smith made a claim with the tortfeasor's insurer. The tortfeasor's insurer paid Mr. Smith $25,000—the full extent of the tortfeasor's liability coverage. Mr. Smith also reported the collision to his own insurer, Defendant Exchange, and filed an underinsured motorist claim. Defendant Exchange allegedly denied Mr. Smith's claim after applying the *Schmick* offset. In other words, Defendant Exchange is alleged to have refused to pay out Mr. Smith's UIM coverage because his UIM coverage was the same as the tortfeasor's liability coverage; therefore, his UIM coverage was "offset"—i.e., reduced—by the amount of the tortfeasor's liability coverage. *See Schmick v. State Farm Mut. Auto. Ins. Co.*, 1985-NMSC-073, 103 N.M. 216 (permitting an insured's UIM coverage to be offset by tortfeasor's liability coverage); *see id.* ¶ 28 ("The state of being underinsured exists when the aggregate of the insured's uninsured motorist coverage reduced by the tortfeasor's liability coverage is greater than zero.").

In the Class Action Complaint, Plaintiff alleged that his UIM coverage was illusory and/or misleading because of the *Schmick* offset, that Defendant charged a premium for this illusory coverage, and that Defendant failed to properly inform him that his UIM coverage would be subject

---

[2] The Court deems facts contained within Plaintiff's insurance policy to be undisputed. A copy of the insurance policy was attached to the Complaint and submitted to the Court as part of Defendant Exchange's Notice of Removal. **Doc. 1, Ex. 1**. Moreover, in Defendant's Motion to Dismiss, Defendant referenced parts of Plaintiff's policy and did not dispute the policy's authenticity. **Doc. 7 at 5 n.1**.

to the *Schmick* offset. Based on these allegations, Plaintiff brought claims against Defendant for violating New Mexico's Unfair Trade Practices and Unfair Insurance Practices Acts; for Reformation of Insurance Policy; Breach of the Covenant of Good Faith and Fair Dealing; Negligence; Negligent Misrepresentation; Unjust Enrichment; and Declaratory and Injunctive Relief. Plaintiff's Complaint was filed after and expressly references the New Mexico Supreme Court's *Crutcher* decision.

In *Crutcher*, the New Mexico Supreme Court answered two questions certified to it by United States District Court Judge Judith Herrera. The Supreme Court articulated the certified questions as follows:

> whether the underinsured motorist (UIM) coverage on a policy that provides minimum uninsured/underinsured motorist (UM/UIM) limits of $25,000 per person/$50,000 per accident is illusory for an insured who sustains more than $25,000 in damages caused by a minimally insured tortfeasor. If so, then we must decide whether insurance companies may charge premiums for such a policy.

*Crutcher*, 2022-NMSC-001, ¶ 1, 501 P.3d at 434. And the Supreme Court provided the following answer:

> [W]e conclude that UM/UIM coverage at the minimum level is permitted because the law not only allows, but requires, it to be sold as was done so here. However, such coverage is illusory because it is misleading to the average policyholder. As such, we will now require every insurer to adequately disclose the limitations of minimum limits UM/UIM policies in the form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage.

*Id.* ¶ 33.

After *Crutcher*, the United States District Court for the District of New Mexico began experiencing a flurry of *Crutcher*-related litigation. And defendant insurers began routinely raising the legal question of whether *Crutcher* applies prospectively or retroactively. In this case, Defendant Exchange has also raised this issue.

Defendant Exchange contends *Crutcher* is expressly prospective and that insurers had no duty to disclose and explain the *Schmick* offset prior to *Crutcher*. To argue this, Defendant points to the New Mexico Supreme Court's use of the words "hereafter" and "now" in *Crutcher* when explaining the requirement that every insurer adequately disclose the limitations of minimum limit UM/UIM policies: "Therefore, ***hereafter***, the insurer shall bear the burden of disclosure to the policyholder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance," *Crutcher*, 2022-NMSC-001, ¶ 32, "As such, we will ***now*** require every insurer to adequately disclose the limitations of minimum limits UM/UIM policies in the form of an exclusion in its insurance policy," *id.* ¶ 33 (emphases added). Moreover, Defendant Exchange contends that even if *Crutcher* is not expressly prospective, it should be applied prospectively because Defendant Exchange provided sufficient proof under the *Chevron Oil* factors to overcome New Mexico's presumption of retroactivity. *See Beavers v. Johnson Controls World Servs., Inc.*, 1994-NMSC-094, ¶ 22, 118 N.M. 391, 398 (reaffirming the weighing of the three factors articulated in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), when determining whether New Mexico's presumption of retroactivity is overcome).

Plaintiff Smith disagrees. According to Mr. Smith, "The Court in *Crutcher* in no manner forgave or immunized insurers from past misconduct of collecting premiums from insureds while providing no coverage for such premiums, and where they misrepresented the coverages available." **Doc. 16 at 20**.

The Court finds certification to the New Mexico Supreme Court appropriate to resolve the parties' dispute over this question of New Mexico law.

## DISCUSSION

### I.      Question for Certification:

The Court certifies the following question to the New Mexico Supreme Court:

> Whether *Crutcher v. Liberty Mut. Ins. Co*, 2022-NMSC-001, 501 P.3d 433, applies
> prospectively or retroactively?

The New Mexico Supreme Court has discretion to accept or reject this certification and to

reformulate the question. *See* Rule 12-607(C)(4) NMRA.

### II.     Certification Is Warranted.

Under New Mexico Rules of Appellate Procedure, the New Mexico Supreme Court may

answer questions of law certified to it by a federal court if "[1] the answer may be determinative

of an issue in pending litigation in the certifying court and [2] the question is one for which answer

is not provided by a controlling (a) appellate opinion of the New Mexico Supreme Court or the

New Mexico Court of Appeals; or (b) constitutional provision or statute of this state." Rule 12-

607(A)(1); *see also* NMSA 1978, § 39-7-4 (1997) ("The supreme court of this state may answer a

question of law certified to it by a court of the United States . . . if the answer may be determinative

of an issue in pending litigation in the certifying court and there is no controlling appellate

decision, constitutional provision or statute of this state.").

"The decision to certify a question to the state supreme court 'rests in the sound discretion

of the federal court.'" *Kansas Jud. Rev. v. Stout*, 519 F.3d 1107, 1120 (10th Cir.) (quoting *Lehman

Bros. v. Schein*, 416 U.S. 386, 391 (1974)). This Court may certify a question to the New Mexico

Supreme Court sua sponte. *Id.* When determining whether to certify a question, the Court must

exercise "judgment and restraint"—the Court "will not trouble [its] sister state courts every time

an arguably unsettled question of state law comes across [its] desk[]." *Pino v. United States*, 507

F.3d 1233, 1236 (10th Cir. 2007). That said, the act of certifying seeks "to give meaning and

respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state, not federal, courts." *Id.* And "when important and close questions of state legal policy arise . . . certification may 'in the long run save time, energy, and resources and help[ ] build a cooperative judicial federalism.'" *United States v. Reese*, 505 F. App'x 733, 734 (10th Cir. 2012) (quoting *Lehman Bros.*, 416 U.S. at 391) (alterations in original).

Plaintiff Smith's insurance policy was issued by Defendant Exchange pre-*Crutcher*; therefore, whether the New Mexico Supreme Court intended *Crutcher* to apply prospectively may be determinative of an issue—if not dispositive of Plaintiff's entire case—and no controlling New Mexico appellate decision, constitutional provision, or statute provides the answer.

Without clear guidance from the New Mexico Supreme Court as to whether *Crutcher* applies prospectively or retroactively, the District of New Mexico has already been flooded with *Crutcher*-related litigation. By this Court's calculations there are at least twelve *Crutcher*-related cases pending in the District of New Mexico that involve policies issued pre-*Crutcher*—and the undersigned judge has been assigned three of them. Thus, the resolution of the certified question may be determinative of not only issues in this case, but also in numerous other cases. Moreover, the question of whether a New Mexico Supreme Court decision applies prospectively or retroactively is ultimately a question of New Mexico judicial policy, which "should be decided when possible by state, not federal, courts." *Pino*, 507 F.3d at 1236.

While this Court understands the New Mexico Supreme Court may be reluctant to accept a question so soon after *Crutcher*, this Court respectfully seeks certification because certification may "in the long run save time, energy, and resources and help[ ] build a cooperative judicial federalism." *Reese*, 505 F. App'x at 734 (citation omitted) (alterations in original).

**III.      Names and Addresses of Counsel of Record:**

On behalf of Plaintiff Joshua Smith:

> **Andrea D. Harris**
> Valle, O'Cleireachain, Zamora & Harris, P.C.
> 1805 Rio Grande Blvd NW,
> Suite 2
> Albuquerque, NM 87104
> 505-888-5613
> Email: adh@vozhlaw.com

> **Corbin Hildebrandt**
> Corbin Hildebrandt, P.C.
> Sycamore Square, Suite 2000
> 1400 Central Ave. S.E.
> Albuquerque, NM 87106
> 505-998-6626
> Email: corbin@hildebrandtlawnm.com

> **Geoffrey R. Romero**
> Law Offices of Geoffrey R. Romero
> 4801 All Saints Road, NW
> Albuquerque, NM 87120
> 505-247-3338
> Email: geoff@geoffromerolaw.com

> **Kedar Bhasker**
> Kedar Bhasker
> 2741 Indian School Rd. NE
> Ste 208
> Albuquerque, NM 87106
> 505-720-2113
> Email: kedar@bhaskerlaw.com

On behalf of Defendant Interinsurance Exchange of the Automobile Club:

> **Kevin P. Zimmerman**
> Baker & Hostetler LLP
> 200 Civic Center Drive
> Suite 1200
> Columbus, OH 43215
> 614-228-1541
> Email: kzimmerman@bakerlaw.com

**Michael Mumford**
Baker & Hostetler LLP
Key Tower
127 Public Square
Suite 2000
Cleveland, OH 44114-1214
216-696-0740
Email: mmumford@bakerlaw.com

**Rodger L. Eckelberry**
Baker & Hostetler LLP
200 Civic Center Drive
Suite 1200
Columbus, OH 43215
614-462-2616
Email: reckelberry@bakerlaw.com

**Meena H. Allen**
Allen Law Firm, LLC
6121 Indian School Rd. NE, Suite 230
Albuquerque, NM 87110
505-298-9400
Email: mallen@mallen-law.com

## CONCLUSION

For the reasons discussed in this memorandum order and opinion, the Court sua sponte

certifies the above question to the New Mexico Supreme Court.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE